COUNTY OF KENT, MARCH TERM, 1857, AT EAST GREENWICH.

WILLARD B. ELLIS, Administrator, *v.* GEORGE M. APPLEBY & another.

WILLARD B. ELLIS, Administrator, *v.* GEORGE M. APPLEBY & another.

WILLARD B. ELLIS, Administrator, *v.* OLIVE ELLIS.

As by the practice in Rhode Island, it is not required in a suit at law by an executor or administrator, that he should set forth in his declaration specially his title to the office in which he sues, or makes profert of his letters testamentary or of administration, an executor or administrator, suing in that character, may properly reply, to a plea of *ne unques* executor or administrator, his special title to that character, and make profert of his letters in his replication; concluding the same, on account of this new matter, with a verification.

Where, however, the plea to such a suit truly sets forth the plaintiff's title as administrator, and impeaches it by alleging that his intestate was not, at the time of his death, a resident of the town whose court of probate granted to the plaintiff his letters, but was at that time a resident of another town in the state named in the plea; and the plaintiff in his replication affirms that his intestate resided at the time of his death in the town whose court of probate granted to him his letters, and denies that he resided in the town named in the plea, he should conclude his replication to the country, notwithstanding he unnecessarily makes profert therein of his letters of administration, and states all the particular circumstances attending the grant of them; but such fault of conclusion being a mere fault of form, the court, under the statute of amendments in force here, cannot render judgment against the plaintiff, but can merely order the conclusion of the replication to be amended without costs.

Upon motion by the defendant, that certain actions brought against him by an administrator, be entered settled, upon the ground that since the last continuance the administrator had executed a release to him of the causes of action and an agreement authorizing such entry, to which motion the counsel for the plaintiff objected, denying the execution of such release and agreement, and asserting, that if executed, the same was obtained by fraud and misrepresentation, and was executed by the administrator in breach of his trust, he having since resigned; and the suits being further prosecuted by his successor, the court, first taking proof of the execution of the agreement, ordered, that the suits be entered settled, unless the plaintiff elected, which he did, to permit the defendant to set up on the trial of the actions said agreement and release, with the other issues in the actions, with the same effect as if executed before the commencement of the actions, and originally pleaded; the defendant to have the right to impeach the same in any proper manner.

In these three actions, the first and third of which were actions of the case in assumpsit, and the second of which was an action of the case in trover, the pleadings upon which the decisions reported turned were so nearly similar, that they have been reported together.

The actions were brought by the plaintiff in the character of administrator of Allen Ellis, late of West Greenwich, deceased, but the declaration contained no allegation with regard to the source from which the plaintiff derived his appointment, nor did it make profert of his letters testamentary.

To each of them the defendants pleaded, in bar, in addition to the general issue—

1st. *Ne unques administrator.*

2d. That the plaintiff was not administrator of Allen Ellis; for that he pretended to be such administrator only by virtue of an appointment of the court of probate of the town of West Greenwich, and that the said Allen Ellis, at the time of his death was not a resident of, and was not domiciled in said town of West Greenwich, but was a resident of and had his domicil, at the time of his death, in the town of Smithfield, in the county of Providence; the plea concluding with a verification.

In the first named of the cases, this plea differed in one respect from the same plea in the two others, in this; that it did not set forth that the plaintiff pretended to derive his administratorship from the appointment of the court of probate of the town of West Greenwich, in all other respects being in the same language.

The replication to the *first* plea, alleged, "that from the 27th day of October, A. D. 1855, to the present time, he (the plaintiff) was, and still is, administrator upon the estate of the said Allen Ellis under the appointment of the court of probate for the said town of West Greenwich, and the letters of said court duly issued to the plaintiff, and here in court produced," and concluded with a verification.

The *replication* to the *second* plea alleged the birth of the intestate, Allen Ellis, in West Greenwich, and his residence there during his whole life on his homestead farm held by him at the time of his decease, with the exception of temporary

absences; and that then, though temporarily absent in Smithfield, and intending soon to return, he had his residence and domicil in said West Greenwich, and not in said Smithfield, as by said plea supposed; that on the 26th day of September, A. D. 1855, the said Allen Ellis died intestate, and on the 29th day of said September, Benjamin R. Hoxsie, son-in-law of the said Allen Ellis, made application to the court of probate of said West Greenwich, within thirty days from the death of the said Allen Ellis, to have an administrator appointed upon the estate of said Allen, upon which application the said court of probate gave due notice to all parties interested to appear before said court on the 27th day of October then next, to show cause, if any they had, why such administrator should not be appointed; and on the said 27th day of October, the said court adjudicated and determined that the said Allen Ellis had his residence in said West Greenwich at the time of his death; and thereupon appointed the plaintiff, son of the said Allen Ellis, administrator upon said Allen Ellis's estate, and issued their letters of administration to the plaintiff in due form of law, which the plaintiff here in court produces; and that the plaintiff gave to said court, according to law, and returned an inventory of such of said Allen's personal estate as was not withheld from him by the defendants, as he in his declaration has alleged; of all which the defendants then and there had notice. And said decree of said court of probate appointing the plaintiff such administrator still remains in full force, and not reversed, annulled, or appealed from, and said letters of administration are unrevoked and in full force; the plea concluding with a verification.

To these replications, the defendant demurred, assigning as the causes of demurrer to the replication to the first plea—

1st. " That said replication does not traverse and deny the averment in the defendant's plea, that said plaintiff was never administrator on the estate of Allen Ellis, deceased, as it is therein made generally and unqualifiedly, nor does said replication affirm generally and unqualifiedly that said plaintiff was administrator on the estate of said Allen Ellis deceased, but only avers, that he was administrator on said estate under the

appointment of the court of probate of the town of West Greenwich, and the letters of said court, and not otherwise."

2d. That "said replication is a departure in not traversing the material averments of said plea, and because it is in avoidance thereof, and does not itself present a material fact or issue in said cause, but only an immaterial one."

3d. That "said replication is double, argumentative, and uncertain, and otherwise insufficient and defective."

4th. That "said replication concludes with a verification, when it should conclude to the country."

The demurrer to the replication to the second plea, assigned as causes of demurrer—

1st. That "said replication does not directly traverse and deny the averments in said plea,—that said Allen Ellis was not, at the time of his decease, a resident of the town of West Greenwich, and did not, at the time of his decease, have his domicil in said town of West Greenwich, but at said time did reside and have his domicil in the town of Smithfield, in the county of Providence, in said state of Rhode Island,—and because said replication avoids traversing the above or any material averment in said plea."

2d. That "said replication presents no single and material issue in said cause, and no material issue and no issue in said cause."

3d. That "said replication is double, and more than double."

4th. That "said replication is stuffed with statements about when Allen Ellis was born, and where he resided his whole life, except when he was somewhere else, without stating any places or times, with statements of what Benjamin Hoxsie did," &c. &c., "none of which matters as above, in said replication, in manner and form therein stated, are material, but are immaterial, evasive, and confused."

5th. That "said replication is argumentative, informal, and uncertain, in all said respects, and because said replication is otherwise, and in other respects, argumentative, double, uncertain, informal, insufficient, and defective."

6th. That "said replication concludes with a verification, when it should have concluded to the country."

*Wm. H. Potter* for the demurrer.

*Cozzens* against it.

AMES, C. J.   The main objection made to the replication to the first plea, is, that the plaintiff, by concluding it with a verification instead of to the country, has needlessly protracted the pleadings, and delayed to another stage the forming of an issue, which is the purpose of them.   Whether this objection be well founded or not, depends upon the question whether the replication, beside traversing the allegation in the plea, contain new matter which it is proper that the plaintiff should allow the defendant an opportunity to rejoin to in his defence.   We are all satisfied that it does, and is therefore well concluded with a verification.

At common law, in a suit by an executor or administrator, it was necessary that the declaration should show not only the capacity in which the plaintiff sued, but by what authority letters testamentary or of administration had been granted to him, and that profert of his letters should be made in a particular part of the declaration, to wit, immediately after the conclusion to the damage, &c., and before the pledges.   Bac. Abr. Executors and Administrators, O. p. 442; 1 Chit. Plead. 420. By the 4 & 5 Anne, ch. 16, § 1, the omission to make the profert was aided, unless the defendant demurred specially for the defect.   1 Saunders on Pleading, 574; 1 Chit. Plead. 420 ; 2 Wms. Ex'rs, 1152; *Kane* v. *Paul*, 14 Peters, 41, 42.   It has not, however, been our practice, nor the practice in the New England states generally, for the plaintiff to set forth in his declaration, the title by which he claims to sue as executor or administrator, or to make profert of his letters.   *Champlin* v. *Tilley*, 3 Day, 305; *Matthewson's Adm'r* v. *Grant's Adm'r*, 2 Howard, 283, per Story, J.   Not being bound then to do, and not having done this in his declaration, when the general plea of *ne unques* executor or administrator is filed, his proper course is, as was done in this case, to affirm his executorship or administratorship and make profert of his letters,—that is, to set forth his title to the office in which he claims to act.   As this title is new matter, to enable the defendant to impeach it in his rejoinder, the plaintiff must conclude his reply with a verification.   In the case, *Onon-*

*daga County Bank* v. *Carr*, 17 Wend. 443, 444, a suit by a corporation in assumpsit in which the plaintiffs did not declare their incorporation, the defendant pleaded *nul tiel corporation*. To this the plaintiffs replied their incorporation by an act of the general assembly of New York, entitled "An act to incorporate the President, Directors, and Company of the Onondaga County Bank," passed April 13, 1830, and that thereby they became, and at the commencement of the suit were, and still are, a body politic and corporate, and as such had a right to sue, &c., *and concluded to the country.* Upon special demurrer to this replication on the ground of a faulty conclusion, the court held that the short method of pleading permitted by a statute of New York was not intended to relieve the plaintiffs of their duty to prove their incorporation; that if the plaintiffs had averred in their declaration that they were a corporation, setting forth the title of the act creating them, and the date of its passage, the plea of *nul tiel corporation* must have concluded to the country, and the necessity of a replication, and of a rejoinder, and of the delay consequent upon it, would have been avoided. As this course, however, was not taken by the plaintiffs, but their title to incorporation was first set up in their replication, the court held, that the replication *should have concluded with a verification*, so that the defendant might have rejoined an ouster or dissolution of the corporation, if the facts enabled him to do so.

The same objection, to wit, that it concludes with verification is, with more justice, taken by the defendant to this plaintiff's replication to the second plea. This plea, it will be noticed, is not like the first, a mere plea of *ne unques administrator*, but denies the administratorship of the plaintiff upon a special ground, to wit, that he was appointed administrator by the court of probate of the town of West Greenwich, and that his intestate—Allen Ellis—was not a resident of West Greenwich at the time of his death; thus denying the jurisdiction of the court of probate of West Greenwich, to grant letters of administration to the plaintiff upon his intestate's estate. It is true that this plea, to one of the actions before us, is faulty in this, that it does not aver that the plaintiff was appointed adminis-

trator by the court of probate of West Greenwich, before averring the non-residence of the intestate at the time of his death in that town; and therefore does not show the pertinence of this last fact to the question of the plaintiff's title as administrator. This fault, which is not found in the same plea to the other two actions before us, was a clerical omission probably, and, at all events, is cured by the plaintiff's replication, which supplies the fact omitted in the plea, and makes its logic good. 1 Chit. Plead. 671; Gould's Plead. ch. 3, § 192, p. 470, n. *a; United States* v. *Morris,* 10 Wheat. 197; *Dunning* v. *Owen,* 14 Mass. 162; *Slack* v. *Lyon,* 9 Pick. 62; *Dorr* v. *Fenno,* 12 Pick. 524. Now this plea, as in effect it stands in all the cases before us, is the precise plea which the defendant should file, if he wished to contest, as it appears that he did, the title of the plaintiff as administrator, upon the ground of want of jurisdiction in the court of probate of West Greenwich to grant him his letters, because his intestate, Ellis, was not a resident in West Greenwich at the time of his death. Indeed, it is said by Mr. Justice Bayley, in the case of *Stokes* v. *Bate,* 5 B. & C. 491, to be the result of the authorities, " that wherever it is intended to show that the letters of administration were void by some matter *dehors* them, or that they were not applicable to the particular subject-matter in the suit, the uniform course of pleading has been, for the defendant to state, upon the face of his plea, the specific circumstances which render them void, or which prevent the plaintiff from being entitled to sue."

The replication to this plea does indeed, with needless particularity, allege the birth of the intestate, Ellis, in West Greenwich, and his residence on his homestead farm in that town, and the circumstances attending the appointment of the plaintiff as his administrator, &c. &c.; but it does in substance aver, that Allen Ellis, at the time of his death, though temporarily absent in Smithfield, " had his residence and domicil in said West Greenwich and not in said Smithfield, as by said plea supposed." This is a precise negation of the issuable matter contained in the plea, and according to the rules of pleading, the plaintiff, to avoid needless delay, should have tendered an issue to the country to inquire into the truth of the matter, unless his

replication contained *new matter*, in avoidance to which the defendant was entitled to reply. As the plea, in effect, alleges the appointment of the plaintiff, as administrator, by the court of probate of West Greenwich, and upon that basis arraigns the plaintiff's appointment, the‧ repetition of the fact of the plaintiff's appointment by that court, with its needless circumstantial details, in the replication, is certainly not new matter in avoidance, which required the pleadings to be kept open to enable the defendant to rejoin thereto. The replication to this plea, therefore, is faulty in its conclusion, and should have concluded to the country.

A fault of conclusion is, however, mere matter of form; *Hayman* v. *Gerrard*, 1 Saunders, Rep. 103, c. n. 3 ; since, " that without which the right doth sufficiently appear to the court " is form, and that " by reason whereof the right appears not " is substance. Per Lord Hobart, Hob. 233. Now the statute of amendments of Rhode Island goes much farther than the statute of Anne. That statute merely requires the court " to give judgment according to the very right of the cause as aforesaid, without regarding any such imperfections, omissions, and defects, or any other matter of like nature, *except the same shall be specially and particularly set down and shown for cause of demurrer.*" Ours, on the other hand, requires us, " without regarding any imperfections, defects, or want of form in the writ, declaration, or other pleadings, &c." to render the like judgment, in all cases, without the exception of the English statute; and then goes on to order, that we " shall and may, from time to time, amend every such imperfection, defect, and want of form," as distinguished from our discretionary power to permit the parties to amend defects of substance, with or without terms. Dig. 1844, p. 131.

The plain and sensible meaning of this statute is, that no suitor in an action at law shall in future suffer from the captiousness of his adversary as to formal defects ; but that the court shall, notwithstanding such defects, render judgment according to the substantial right, remedying the inconveniences of such defects, if any, by amending the pleadings without terms, whenever such defects shall be brought to their notice.

The other objections assigned as causes of special demurrer to these pleas relate to mere formal defects also; being argumentativeness, duplicity, indirectness, immateriality of issue, and the like, and would fall within the operation of the statute order with regard to them, even if they had existence. But although, as we have before said, there is much surplusage in the replication to the second plea, we do not deem it liable to either of these objections; and if it were, the most of them are not assigned in that special manner, showing precisely wherein the pleading is thus objectionable, which would be necessary to make them subjects of the consideration of the court.

Demurrer to the replication to the first plea overruled, and to the replication to the second plea sustained, and the plaintiff ordered to amend said last-named replication by concluding the same to the country.

After the above judgment was given, the defendants in the above actions produced a written agreement and release, signed by the plaintiff, who had since resigned his administratorship, reciting the terms upon which he had settled the actions, and authorizing them to be entered "settled" on the docket of the court; and moved, that the court, upon receiving proof that the agreement was executed by the plaintiff, should order such entry to be made. To this the counsel for the plaintiff objected, denying the execution of the agreement by the plaintiff, and offering to prove, that if executed, the same was procured from the plaintiff by fraud and misrepresentation, and given by him in violation of his trust as administrator. The court, however, refused to hear the evidence upon these last points, but ordered, after taking proof of the execution of the agreement by the plaintiff, that the cases be entered settled, unless the plaintiff elected, which he then did, to permit the defendant to set up on the trial of the actions, the agreement and release executed by the plaintiff, with the other issues, with the same effect as if executed before the commencement of the actions and originally pleaded, the defendant to have the right to impeach the same upon the trial in any proper manner.